**SHELTER MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Clint Jason LITTLEJIM; John A. Short; Jerry Wayne Smith; Nelson Jacob; State Farm Mutual Automobile Insurance Company; Farmers Insurance Group; Farmers Insurance Company, Inc.; Mid–Century Insurance Company; Defendants,**

**Jim Kearnes, Surviving Heir of Angela Caye Kearnes, Deceased, Defendant–Appellant.**

**No. 89–6433.**

United States Court of Appeals, Tenth Circuit.

March 12, 1991.

---

Michael C. Stewart and Kenneth A. Brokaw of Stewart & Elder, Oklahoma City, Okl., for plaintiff-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff, Shelter Mutual Insurance Company, commenced this action in district court seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. The district court held that Shelter was not liable to defendants under the terms of its policy with its named insureds, Joe and Pamela Kinzer. We affirm.[1]

The undisputed facts show that Joe and Pamela Kinzer purchased a vehicle to be used primarily by their son, Justin, while he was attending college. Justin was instructed by his parents not to allow anyone else to drive the car. On October 17, 1986, Justin drove defendant LittleJim to a nearby town where each had several beers. At some point, Justin gave the car keys to LittleJim to hold for him. Later that evening, LittleJim took the car and was involved in an accident with two other vehicles, one operated by defendant Smith, the other operated by the decedent Angela Caye Kearnes. LittleJim was insured by defendant, State Farm. Smith was insured by defendant, Mid–Century. Kearnes was insured by defendant, Farmers Insurance Company.

Shelter alleged that LittleJim was operating the Kinzer vehicle without the permission of the named insureds. Therefore, Shelter alleged it was not liable to LittleJim for any claims arising from the accident.

The district court dismissed Farmers Insurance Group, Farmers Insurance Company, and Mid–Century on jurisdictional grounds. Only defendants LittleJim and Kearnes opposed Shelter's motion for summary judgment. The court granted Shelter's motion declaring that Shelter was not

Kenneth R. Coe, Oklahoma City, Okl., for defendant-appellant.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

liable for payment of any of defendants' claims against LittleJim. The court denied State Farm's motion for summary judgment on its cross-claim against LittleJim finding that there were "genuine factual issues as to whether Littlejim [sic] had the implied consent of Justin Kinzer to operate the vehicle in question." R. 89 at 6. State Farm then settled with Kearnes and agreed to continue its defense of LittleJim. Final judgment having been entered, Kearnes appealed the district court's grant of summary judgment to Shelter.

On appeal, Kearnes argues that Shelter is liable on the Kinzer's policy because Justin Kinzer was an insured and gave either express or implied permission to LittleJim to drive the car. Kearnes also argues that Shelter must provide coverage pursuant to Okla.Stat. tit. 47, § 7–601, the policy should be reformed to add Justin Kinzer as a named insured, and LittleJim was covered under the terms of the policy as a permissive user.

■ A motion for summary judgment shall be granted if all the materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R. Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Because the parties do not dispute any of the material facts found by the district court, we need only determine if the district court correctly applied the substantive law. *See id.*

Shelter's policy defines an insured person as:

(a) *You,*

(b) *Your relatives,*

(c) Any other person using the *auto* if its *use* is within the scope of *your* permission.

R. 18 Ex. A at 4, emphasis in original. "You" and "your" are defined as the named insured and spouse. *Id.* at 3.

By the clear and unambiguous terms of the policy, Shelter would be obligated to provide coverage here only if Joe or Pamela Kinzer, the named insureds, gave permission to LittleJim to use the vehicle. While Justin Kinzer is insured under the terms of the policy, any permission, explicit or implied, that he may have given will not implicate Shelter's obligation to provide coverage here.

■ Kearnes argues that Shelter must provide coverage pursuant to Oklahoma's public policy that innocent victims should be protected as codified in Okla.Stat. tit. 47, § 7–601 B. Kearnes argues the statute requires that the operator, here Justin Kinzer, be insured in the same manner as the owner. Therefore, Justin could give permission to others to use the vehicle. Kearnes argues that any other interpretation of the statute would violate public policy.

Okla.Stat. tit. 47, § 7–601 B provides that every owner of a motor vehicle ... shall, at all times, maintain in force ... security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle ... which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage.

While this statute clearly places the obligation to insure on the owner, and in some cases on the operator, of a motor vehicle, it does not operate to require an insurance company to provide coverage which is clearly outside the terms of its policy. *See Allstate Ins. Co. v. Brown,* 920 F.2d 664, 668–69 (10th Cir.1990). We will not create an insurance contract on the grounds of public policy. Here, the named insureds

did provide coverage for the operator to whom they had given permission to use the vehicle, Justin Kinzer.

 Kearnes also argues that the policy should be reformed to add Justin Kinzer as a named insured. Kearnes, not being a party to the contract, has no standing to seek its reformation. *See Bradham v. United States,* 168 F.2d 905, 907 (10th Cir. 1948), *cert. denied,* 335 U.S. 903, 69 S.Ct. 407, 93 L.Ed. 437 (1949); *see also Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 835 (10th Cir.1986) (under Oklahoma law, *party* seeking reformation must show he was free of neglect in making agreement). We decline to depart from established Tenth Circuit and Oklahoma state law in order to accept Kearnes' final argument that LittleJim used the vehicle as a "second permittee" and, therefore, was covered under the terms of the policy.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.